IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GEORGE L. SCHWEITZER,<br><br>                  Plaintiff,<br>v.<br><br>LNU, et al.,<br><br>                  Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:13-cv-179-DB-BCW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

      This case has been referred to Magistrate Judge Brooke C. Wells by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the Court are the following motions: (1) Motion to Dismiss for Lack of Jurisdiction filed by Defendant John Skelly[2] ("Defendant Skelly"); (2) Motion to Dismiss for lack of Subject Matter Jurisdiction filed by Defendant Nicholas LaFeber[3] ("Defendant LaFeber"); (3) Motion to Dismiss for Lack of Jurisdiction filed by Defendant Karen Erb[4] ("Defendant Erb"); and (4) Motion to Compel Defendant to Provide Competent Medical Treatment to Plaintiff George Schweitzer ("Plaintiff").[5] These motions have been fully briefed and/or the time for such briefing has lapsed.[6]

      Although Plaintiff has requested a hearing,[7] after review of the submissions, the Court determines that good cause has not been shown to have oral argument in this case.[8] Therefore, the Court issues the following Report & Recommendation recommending Defendants' Motions

---

[1] Docket no. 11.
[2] Docket no. 7. Defendant "Skully" has indicated that although Plaintiff named "John Skully" as a defendant in this lawsuit, the correct spelling for this Defendant is Jon Skelly. Therefore, the Court will use the correct spelling when referring to this Defendant. See fn. 1, docket no. 7.
[3] Docket no. 9.
[4] Docket no. 13.
[5] Docket no. 18.
[6] "Because Plaintiff failed to address any of the arguments raised in Defendant Skelly's motion to dismiss, Defendant Skelly waive[d] the right to reply to Plaintiff's opposition memorandum." See docket no. 15.
[7] See docket no. 14.
[8] See DUCivR 7-1(f).

to Dismiss be **GRANTED** and Plaintiff's Motion to Compel Defendant to Provide Competent Medical Treatment[9] be **DENIED or DEEMED MOOT.**

## BACKGROUND

On March 12, 2013, Plaintiff, George L. Schweitzer ("Plaintiff"), who is *pro se*, filed a Motion for Leave to Proceed *in forma pauperis*.[10] The following day, Plaintiff filed his Complaint and paid the Court's filing fee.[11] Also, on March 13, 2013, Magistrate Judge Evelyn Furse granted Plaintiff's Motion for leave to proceed *in forma pauperis*.[12] Thereafter, Plaintiff filed a Motion for Refund of his Filing Fee and Judge Furse granted Plaintiff's request. [13]

On May 2, 2013, Plaintiff filed an Amended Complaint.[14] Essentially, Plaintiff brings this action to address several injuries he claims to have suffered at the hands of medical professionals and staff at the Department of Veteran's Affairs ("VA"), a dentist, Nicholas LaFeber, and a housing official at an apartment complex in Sandy, Utah.[15]

While it is somewhat difficult to decipher, Plaintiff's main allegations appear to be against the VA. However, Plaintiff has not named the VA as a Defendant in his Complaint. Rather, Plaintiff has named Mr. John Skelly, an employee of the VA. For example, Plaintiff alleges "he was the unwitting victim of an expensive new mood altering drug experiment known as Resperidone/Resaradol administered by defendant Skully's agent Stella Bright" and "…Skully's willful infliction of mental distress directly or indirectly gravitated to Jerilyn Fox

---

[9] Docket no. 18.
[10] Docket no. 1.
[11] Docket no. 2.
[12] Docket no. 3.
[13] Docket no. 22.
[14] Docket not. 5.
[15] On December 10, 2013, Plaintiff filed a document entitled "Memorandum Status" which purports to seek assistance from this court with a probate proceeding in Utah State Court regarding the home of Plaintiff's deceased significant other. Specifically, Plaintiff states "[t]he probate court in Utah county needs a clear signal on how to proceed in the probate matter, it must come from this court." The Court will not treat this as Motion because it is unrelated to the underlying claims in this case, this document was not filed as a Motion and Plaintiff has not moved to Amend his Complaint. Further, the Court does not believe it has the authority to grant the Plaintiff the relief he seeks because this Court has no authority over Utah State Courts or probate matters.

[Plaintiff's monogamous significant other of 40 years] and was a contributing factor in her avoidable and untimely death."[16]

Along with the various torts and violations of the Whistleblower Protection Act and interference with Plaintiff's veteran's benefits, Plaintiff has filed a "Motion to Compel Defendant to Provide Competent Medical Treatment to Plaintiff" against the VA.[17] Plaintiff's Motion states "Plaintiff makes application to have this court compel defendant Skully (sic) to act in having Skully and this VAMC to treat patient Schweitzer in a civil manner."[18]

In addition, Plaintiff's Complaint names Defendant LaFeber, a local dentist. Plaintiff is a former patient of Defendant LaFeber and alleges that he paid $5,000 for a failed dental implant. In his reply to the Motion to Dismiss, Plaintiff states "[b]oth the VA and LaFeber are culpable in the fact that plaintiff is walking around with a missing tooth."[19]

Lastly, Plaintiff's claims against Defendant Karen Erb arise out of Plaintiff's tenancy at the Rose Gate Apartment Complex in Sandy, Utah. Ms. Erb is the community manager at this apartment complex. Plaintiff alleges he rented an apartment at the Rose Gate using funds from the VA. As a condition of living at the Rose Gate, Plaintiff was required to purchase a media package. Plaintiff apparently did not agree with this condition and moved out of the apartment complex after only living there for one night. Plaintiff also alleges that the apartment unit in which he was assigned had "sonic structural issues making sleep impossible." Plaintiff further alleges he "did not sign the apartment inspection form making the lease agreement null and void."

Plaintiff's Complaint contains the following prayer for relief:

---

[16] Compl., docket no. 5.
[17] Docket no. 18.
[18] Docket no. 23.
[19] Docket no. 14 at p. 2.

> Expunge the only 3 negative facts on plaintiff's credit report: The DMC overpayment and 2 valid unpaid Mill Bill ER visits. Expunge any negative reports to any credit bureau or tenant Black List generated by defendant Erb or her actual or constructive agents. Replacement of the failed dental implant by Defendant Skully or LaFeber. Removal of brain tumor by neurosurgeons suitable to this court and the circuit in Denver. An objective examination regarding mental and physical disabilities that occurred or were aggravated incident to active Air Force service, Naval civilian service, Schweitzer v. Ordner and Schweitzer v. Scott Expunge from the national Database (NCIC CCH) Plaintiff's 3 month CHL record. General and punitive damages in the sum of $100,000.00. Whatever relief the jury demanded in this case deems just and proper.[20]

In response to Plaintiff's Complaint all Defendants have filed Motions to Dismiss.[21]

## DISCUSSION

Defendants seek dismissal of the claims against them on basically the same grounds—lack of jurisdiction in this Court and Plaintiff's failure to follow and exhaust proper administrative procedures prior to filing his Complaint in this Court. For the reasons discussed below, the Court agrees that the claims against Defendants must be dismissed.

To withstand a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"[22] There are two working principles under this standard. First, "…a court must accept as true all of the allegations contained in a complaint," but need not accept legal conclusions.[23] "Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific

---

[20] In his Memorandum in Opposition to Defendants' Motion to Dismiss, Plaintiff states that his Complaint is also for "Declaratory Relief." See docket no. 14.
[21] Docket nos. 7, 9, & 13.
[22] Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011)(quoting Bell Atl. Corp. v Twombly, 550 U.S. 544, 570 (2007)).
[23] Id. (internal quotations omitted).

factual allegations to support each claim."[24] Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."[25]

In essence, a plaintiff must offer sufficient factual allegations to "raise a right to relief above the speculative level."[26] "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[27] Therefore, in assessing a motion to dismiss, a court should disregard conclusory statements of law, even if they are couched as facts, and then consider whether the remaining specific factual allegations, if presumed to be true, plausibly provide a claim that the defendant is liable. Moreover, "the complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief."[28] "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[29]

A. **Defendant Jon Skelly's Motion to Dismiss**

Defendant Skelly asserts that Plaintiff's Complaint should be dismissed against him because Plaintiff has failed to exhaust the required administrative remedies for both his tort and Whistleblower Protection Act claims. In addition, Defendant Skelly argues the Court does not have jurisdiction over claims regarding benefits from the Department of Veteran's Affairs because that jurisdiction lies exclusively with the Court of Appeals for Veteran's Claims.

---

[24] Id. (quoting Twombly, at 555).
[25] Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).
[26] Twombly, at 555.
[27] Iqbal, 556 U.S. at 679.
[28] Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(internal citations omitted).
[29] Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

At the outset, the Court is mindful that Plaintiff is proceeding *pro se* and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[30] However, it is not the proper function of the district court to assume the role of advocate for the pro se litigant.[31]

Upon review and consideration of the Plaintiff's Complaint and the pleadings associated with Defendant Skelly's Motion to Dismiss, in addition to the reasons set forth by Defendant Skelly,[32] the Court recommends that Plaintiff's claims against Defendant Skelly to be dismissed because it is clear that Plaintiff's Complaint is fatally deficient. First, the Court notes that besides citing jurisdiction statutes and mentioning "federal whistleblower statutes," Plaintiff's Complaint does not cite to any other federal statute or constitutional provision which Defendant Skelly may have violated. Although this failure to cite legal authority may not be a basis for dismissal of Plaintiff's Complaint on its own, Plaintiff has failed to assert facts that raise his right to relief beyond the speculative level.[33] Moreover, Plaintiff's "Prayer for Relief" does not set forth adequate remedies based upon his claims for relief.

Therefore, Plaintiff's Complaint should be dismissed against Defendant Skelly for the reasons set forth in Skelly's Motion to Dismiss and because Plaintiff has not presented an adequate factual or legal basis to support his claims for relief that are plausible on their face. Nor is it likely Plaintiff can muster enough factual support to make his claims plausible and able to survive a Motion to Dismiss.[34]

---

[30] Id., at 1110 (10th Cir. 1991)(internal citations omitted); see also Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187 (10th Cir. 2003).
[31] Bellmon, at 1110.
[32] As explained in Defendant Skelly's "Request to Submit for Decision," docket no. 15, Plaintiff did not address nor refute any of Defendant Skelly's arguments therefore Defendant Skelly waived his right to file a Reply Memoradum.
[33] See Complaint.
[34] Ridge at Red Hawk, LLC, at 1117.

B. **Defendant Nicholas LaFeber's Motion to Dismiss**

Defendant Nicholas LaFeber is a general dentist in private practice. In Plaintiff's Thirteenth Cause of Action, Plaintiff appears to take issue with some dental work that Defendant LaFeber performed on Plaintiff. However, Plaintiff does not allege a specific cause or action nor does he cite to a specific statute or law that Defendant LaFeber allegedly violated.

In his Motion to Dismiss, Defendant LaFeber states that Plaintiff's claims against him are subject to dismissal on two separate grounds. First, the Court does not have original jurisdiction over Plaintiff's state law dental malpractice claims and supplementary jurisdiction does not apply. Second, the Utah Health Care Malpractice Act ("UHCMA") governs Plaintiff's dental malpractice claims and Plaintiff has failed to comply with the requirements of that statute. Namely, Plaintiff has failed to comply with the UHCMA's notice provision.

Although Plaintiff's Complaint invokes jurisdiction under 28 U.S.C. §§1331, 1361 and 42 U.S.C. § 1983, Plaintiff's allegations against Defendant LaFeber do not allege any facts that establish "federal question" jurisdiction nor does Plaintiff adequately allege facts to form the basis of a federal civil rights cause of action. In addition, 28 U.S.C. § 1361, provides "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[35] However, this provision does not provide an independent basis for jurisdiction.[36] "Th[is] provision can be invoked only <u>after</u> a federal court already possesses jurisdiction."[37] Thus, Plaintiff cannot use this statute as a basis for jurisdiction alone.

---

[35] 28 U.S.C. §1361
[36] See Hamilton v. INS, No. 95-1290, 1995 WL 620975 at *2 (10th Cir. 1995)(unpublished).
[37] Id. (citing Starbuck v. City and County of San Francisco, 556 F.2d 450, 459 n. 18 (9th Cir. 1977)(emphasis added).

By merely stating that "[b]oth the VA and LaFeber are culpable in the fact that Plaintiff is walking around with a missing tooth. Hence a federal question,"[38] Plaintiff has failed to provide a sufficient basis for this Court's jurisdiction over Defendant LaFeber. The Court agrees with Defendant LaFeber that Plaintiff's claims against him amount to at most a state law dental malpractice claim—in which this Court has no jurisdiction over. Further, the Court finds that the Court does not have supplemental jurisdiction over Plaintiff's claims against Defendant LaFeber because the allegations against LaFeber are not "so related to the claims in the action" so as to "form part of the same case or controversy"[39] as to the other allegations against the other Defendants in this case.

Lastly, as argued by Defendant LaFeber, the Court finds that Plaintiff's claims to be subject to dismissal because Plaintiff has also failed to follow the requirements of the UHCMA. Therefore, because the district court lacks jurisdiction over the subject matter of the complaint"[40] against Defendant LaFeber and Plaintiff has failed to adequately follow state law protocols, the Court RECOMMENDS that Defendant LaFeber's Motion to Dismiss be Granted.

C.  **Defendant Karen Erb's Motion to Dismiss**

Defendant Karen Erb is the community manager at the Rose Gate, which is an apartment complex in Sandy, Utah.[41] Plaintiff is a former resident at the Rose Gate.[42] In her Motion to Dismiss, Defendant Erb argues that Plaintiff's claims against her are subject to dismissal because

---

[38] Docket no. 14.
[39] 28 U.S.C. § 1367.
[40] Lewis v. Stevenson, 123 Fed. App'x 885, 886-887 (10th Cir. 2005)(unpublished)(citing Penteco Corp., Ltd. P'ship-1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991)(further explaining that federal courts are courts of limited jurisdiction, that there is a presumption against the existence of federal jurisdiction and that the party invoking federal jurisdiction bears the burden of proving it).
[41] Docket no. 13.
[42] Id.

they are not based on a federal law. In response to Defendant Erb's Motion, Plaintiff states "…Karen Erb Rosegate (Millwood Management) receives funds under HUD VASH federal program. Clearly a "FEDERAL QUESTION" is before the bar of this Court."[43]

Even construing Plaintiff's assertions liberally,[44] the Court finds Plaintiff's claims against Ms. Erb amount to a breach of contract claim under state law. Thus, Plaintiff's allegations are outside federal jurisdiction because there is no federal question involved nor diversity of citizenship. As argued by Ms. Erb, "[w]hether Rosegate receives funds for residents under some federal program is completely unrelated to any of Karen Erb's job duties as the manager of Rosegate, including her interactions with Plaintiff during his limited tenancy."[45] Further, for the same reasons that apply to Defendant LaFeber, supplemental jurisdiction does not apply to Ms. Erb. Therefore, Plaintiff has not made an adequate showing as to why jurisdiction exists in this Court over his claims against Ms. Erb[46] and for those reasons, the Court recommends that Defendant Erb's Motion to Dismiss be Granted.

### D. **Defendant's Motion to Compel Defendant to Provide Competent Medical Treatment**

Plaintiff has filed a one-page document titled "Emergency Exparte Application to Compel Defendant Skully AKA L.N.U. and the VA Medical Center to Provide Competent Medical Treatment to Plaintiff.[47] In this Motion, Plaintiff requests that the Court "compel defendant Skully to act in having Skully and the VAMC to treat patient Schweitzer in a civil manner."

---

[43] Docket no. 14.
[44] See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ledbetter v. City of Topeka, 318 F.3d 1183, 1197 (10th Cir. 2003).
[45] Docket no. 16.
[46] See Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994).
[47] Docket no. 18.

The Court agrees with the arguments set forth by Defendant Skelly in his Motion to Dismiss and in response to this Motion. The Court finds that there is no basis upon which this Court can compel the requested action by Defendant John Skelly because the Court does not have jurisdiction over any of the claims asserted by Plaintiff and Plaintiff in this Motion.

As stated previously, Mr. Skelly is the Director of the Salt Lake City VA Regional Office. He is not a medical professional nor involved in the provision of patient care. Further, the VA medical center has not been named in this lawsuit. Thus, the Court recommends that this motion be denied or deemed moot based upon the Court's recommendation that the Motions to Dismiss be granted.

## **CONCLUSION & RECOMMENDATION**

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Jon Skelly's Motion to Dismiss[48] be **GRANTED**;

2. Defendant Nicholas LaFeber's Motion to Dismiss for lack of Subject Matter Jurisdiction[49] be **GRANTED**;

3. Defendant Karen Erb's Motion to Dismiss for Lack of Jurisdiction[50] be **GRANTED**; and

4. Plaintiff's Motion to Compel Defendant to Provide Competent Medical Treatment[51] be **DENIED or DEEMED MOOT** based upon the Court's recommendation that the Case be dismissed**.**

---

[48] Docket no. 7.
[49] Docket no. 9.
[50] Docket no. 13.
[51] Docket no. 18.

## **NOTICE**

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[52] A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

DATED this 7 February 2014.

Brooke C. Wells
United States Magistrate Judge

---

[52] See 28 U.S.C. §636(b)(1).